# Miller *v.* Sou. Bell Tel. & Tel. Co.

### Personal Injuries.

(Decided December 16, 1915.  70 South. 730.)

**Damages; Inadequacy.**—Where it appeared that plaintiff suffered the loss of an eye, and impairment of his hearing by which his ability to earn money and carry on his business was materially lessened—he being shown to be a man of considerable affairs, earning from $5,000.00 to $30,000.00 a year—a verdict for $2,000.00 was not so inadequate as to indicate that the jury was influenced by malice, prejudice or other improper motive, and hence, not to authorize a reversal for failure to grant a motion for new trial on that ground.

(Mayfield and Thomas, JJ., dissent.)

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROW.

J. W. Miller sued the Southern Bell Telephone & Telegraph Company for damages for injuries suffered, and recovered a verdict for $2,000.00. He made application for new trial because of inadequacy of damages, and from the judgment of the court denying said motion he appeals. Affirmed.

W. A. DENSON, for appellant. STOKELY, SCRIVNER & DOMINICK, for appellee.

MAYFIELD, J.—This is an action to recover damages for personal injuries. Appellant and his son-in-law, one Duncan, in a buggy, were driving along a street in the city or suburbs of Birmingham, when a telephone pole fell across the vehicle, seriously injuring both parties. Both were rendered unconscious and remained so for several hours. The undisputed evidence shows that plaintiff lost an eye, that his hearing was impaired,

[Miller v. Sou. Bell Tel. & Tel. Co.]

that he was rendered less able to carry on his business, and that he yet suffers more or less from the injury. The evidence is also without dispute that plaintiff was a man of considerable business affairs; that he was a farmer, a merchant, and a dealer in mineral and timber lands; that he was a man who, prior to his injuries, earned considerable money, varying in amount from $5,000 to $30,000 a year; and that since his injuries his ability to earn has been much less. There was, however, evidence to show that, even had he not been injured, he probably would not have earned as much since as before the accident, owing to the war and other extraneous influences affecting the whole financial world—for which, of course, the defendant was not responsible. But the evidence was without dispute that plaintiff's earning capacity was materially lessened on account of the injury, and that his injuries were to some extent permanent. The evidence was in dispute as to the extent of the injury of the plaintiff's other eye, and as to whether or not the injury was the result of the negligence alleged. The evidence was also in conflict as to the extent of the injury to plaintiff's skull, whether this injury was permanent, whether he would ever be able to attend to his business as he did before the injury, and as to whether his inability to so attend to his personal affairs was due to the injuries complained of, or was due to other causes. The evidence was likewise in conflict as to whether or not plaintiff's mind was impaired, and as to the extent thereof if there was injury, and as to whether the impairment was the result of the injury complained of. At best, it was open for the jury to draw different inferences from the evidence, as to each of these conditions. The evidence did, however, show without dispute that the injury was serious and permanent, and that plaintiff lost much of his earning capacity, and lost about $400 expenses in the attempt to obtain relief or cure of his injuries. The jury returned a verdict for $2,000. Plaintiff moved for a new trial, on the ground, chiefly, that the amount of the verdict was inadequate. The trial court overruled this motion, and plaintiff appeals.

The defendant filed a special plea, numbered 3, to which a demurrer was overruled; and the plaintiff assigns, and insists upon, this ruling as error, as well as the ruling upon his motion for a new trial. This plea was as follows: "3. That the plain-

[Miller v. Sou. Bell Tel. & Tel. Co.]

tiff, as the complaint on file herein shows, originally sued this defendant, the Birmingham Railway, Light & Power Company, and the People's Home Telephone Company jointly, and that he has heretofore, on to wit, the 4th day of January, 1913, made a settlement for a large sum of money, to wit, $1,750, with the Birmingham Railway, Light & Power Company, which said settlement was in full discharge of the entire cause of action sued on as against all of the defendants therein."

If there was any error as to overruling the demurrer, it conclusively appears that it was without possible injury to the plaintiff, except as will be pointed out in the opinion. The plea was in bar of the entire cause of action, and was not offered as a defense pro tanto; and the issue thereon was found in favor of plaintiff.

## OPINION.

In the recent case of *Montgomery Light & Traction Co. v. King*, 187 Ala. 619, 65 South. 998, L. R. A. 1915F, 491, the trial court was reversed for setting aside a verdict for $2,500 damages for personal injuries to a girl 11 years old; the injuries consisting of the severing of the toes from one foot and the mutilating of the other foot. In that case the rule for setting aside verdicts of juries and awarding new trial, in tort cases, on account of the verdict being excessive or inadequate, was announced, and the rule of the Supreme Court of Mississippi was quoted and followed. The holding in that case is well stated in the headnotes to the report of the case in 65 South. 998, as follows: "Since there is no standard for measuring damages for a personal injury, the matter must be left to the discretion of the jury, and a verdict should not be disturbed as excessive or inadequate unless it has been plainly produced by prejudice, passion, or other improper motive.

"A verdict for $2,500 for personal injuries to a girl about 11 years old, consisting in the severing of the toes on her right foot and the mutilation of the left foot, is substantial, and the trial court may not set it aside as inadequate."

It will be found that the rules for setting aside verdicts because inadequate are practically the same as those for setting them aside because excessive. The *King Case* involved a certain motion to set aside the verdict because inadequate; but it was

partly based on a prior decision of this court, that of *National Surety Company v. Mabry,* 139 Ala. 217, 35 South. 698, wherein the ground of the motion was that verdict was excessive, in which case it was said (pages 224 and 225 of 139 Ala., page 700 of 35 South.) : "There is no legal measure of damages in cases of this character. That a jury are authorized to award exemplary or punitive damages, when a wrongful act is done willfully, in a wanton or oppressive manner, or even when it is done recklessly, or in open disregard of one's civil obligations and of the rights of others, is not denied.—*Fotheringham v. Adams Ex. Co.* (C. C.) 36 Fed. 252, 1 L. R. A. 474, and authorities there cited. Nor can it be questioned that, when the damages allowed are so excessive as to warrant the belief that the jury must have been misled by some mistaken view of the merits of the case, the court may interfere and set it aside.—Sedgwick on Measure of Damages (7th Ed.) 655, note 'a' as to excessive damages.

"On the subject of motion for a new trial for excessive damages, Mr. Nevill, in his work on Malicious Prosecutions, adopts approvingly what was said on the subject by Lord Mansfield, in the case of *Gilbert v. Burtenshaw,* Cowper, 230: 'I should be sorry to say that in cases of personal torts no new trial should ever be granted for damages which manifestly show the jury to have been actuated by passion, partiality, or prejudice. But it is not to be done without very strong grounds, indeed, and such as carry internal evidence of intemperance in the minds of the jury. It is by no means to be done when the court may feel that, if they had been on the jury, they would have given less damages, or where they might think the jury themselves would have completely discharged their duty in giving a less sum. Of all the cases left to the jury, none is more emphatically left to their sound discretion than such a case as this, and, unless it appears that the damages are flagrantly outrageous and extravagant, it is difficult for the court to draw the line.' He also quotes what Justice Story said on the same subject, that the verdict should not be set aside for excessive damages, in cases of tort, 'unless the court can clearly see that the jury have committed some very gross and palpable error, or have acted under some improper bias, influence, or prejudice, or have totally mistaken the rules of law by which the damages are to be regulated.'— *Whipple v. Manufacturing Co.,* 2 Story, 661 [Fed. Cas. No. 17,-516]."

Lord Mansfield, in another leading case on the subject (*Bright v. Eynon*, 1 Burroughs [Eng.] 393), said: "Trials by jury, in civil causes, could not subsist now without a power, somewhere, to grant new trials.

"If an erroneous judgment be given in point of law, there are many ways to review and set it right.

"Where a court judges of fact upon depositions in writing, their sentence or decree may in many ways be reviewed and set right.

"But a general verdict can only be set right by a new trial, which is no more than having the cause more deliberately considered by another jury, when there is a reasonable doubt, or perhaps a certainty, that justice has not been done.

"The writ of attaint is now a mere sound in every case; in many it does not pretend to be a remedy.

"There are numberless causes of false verdicts, without corruption or bad intention of the jurors. They may have heard too much of the matter before the trial, and imbibed prejudices without knowing it. The cause may be intricate; the examination may be so long as to distract and confound their attention.

"Most general verdicts include legal consequences as well as propositions of fact; in drawing these consequences the jury may mistake, and infer directly contrary to law."

The case of *Phillips v. London & S. W. Ry. Co.*, 5 Q. B. D. 78, 41 L. T. 121, 8 Eng. Cas. 447, was a case very similar to the one in hand; and it was there ruled that a new trial will be granted, in an action for personal injuries sustained through the defendant's negligence, where the damages found by the jury are so small as to show that they must have omitted to take into consideration some of the elements of damage. What was said by the English judge, in the *Phillips Case*, mutatis mutandis, is apt here: "The damàges to which a man is entitled are the consequences of a wrongful act by which he suffers. The consequences of the wrongful act here are undoubtedly that Dr. Phillips has been and is prevented from earning such a sum of money as you think he would have been likely to earn if this accident had not happened."

The jury returned verdict in favor of the plaintiff for $7,-000. The plaintaiff moved for a new trial, which was granted by the Queen's Bench Division, on the ground that the amount of

[Miller v. Sou. Bell Tel. & Tel. Co.]

damages given by the jury was so small as to show that they must have left out of consideration some of the circumstances which ought to have been taken into account. The defendant appealed. Affirmed. In this case the court concluded as follows: "We agree that judges have no right to overrule the verdict of a jury as to the amount of damages, merely because they take a different view, and think that if they had been the jury they would have given more or would have given less, still the verdicts of juries as to the amount of damages are subject, and must, for the sake of justice, be subject, to the supervision of a court of first instance, and if necessary of a court of appeal in this way, that is to say, if in the judgment of the court the damages are unreasonably large or unreasonably small then the court is bound to send the matter for reconsideration by another jury."

It was said by this court in *M. & M. R. R. Co. v. Ashcraft,* 48 Ala. 15, that it is the province of the court to see that justice is done, and that when the assessment of damages by the jury is manifestly unjust, whether too small or too large, a new trial should be granted. Stone, C. J., in the case of *White v. Blair,* 95 Ala. 148, 10 South. 257, announced rules which have been studiously followed by this court "We hold that no higher duty rests on a court of original jurisdiction than to assert his manhood, and grant or refuse to grant a new trial, as the merits of the controversy may point out his duty.—*Ala. Gr. So. Ry. Co. v. Powers,* 73 Ala. 244.

The case of *Cobb v. Malone & Collins,* 92 Ala. 630, 9 South. 738, brought this statute before us for the first time. In that case, as in this, the main ground of the motion was that the verdict was contrary to the evidence. In that case, the motion had been denied by the trial court, and we were asked to reverse his ruling. We gave the question careful consideration, and declared two rules, which we intended should become a guide and precedent. We said: 'The decision of the trial court, refusing to grant a new trial on the ground of insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions in favor of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.' When the lower court grants a new trial, and the appeal is from that ruling, we said, the decision

[Strain v. Irwin.]

'will not be reversed, unless the evidence plainly and palpably supports the verdict."

See *Nashville, Chattanooga & St. Louis Ry. Co. v. Crosby,* 194 Ala. 338, 70 South. 7, which reviews the decisions on the subject.

In this case, after a careful consideration of the whole evidence, THOMAS, J., and the writer, are of the opinion that it appears from this record, either that the jury must have ignored some of the plaintiff's elements of damages, or that they were consciously or unconsciously influenced by some "improper motive," in fixing the amount of plaintiff's damages; and that the trial court should have awarded a new trial because of the inadequacy of the damages. But the majority, after an equally careful consideration of the whole evidence, have reached a different conclusion, and, in recognition of the rule laid down in *King's Case, supra,* and reaffirmed in *Mobile & Ohio R. Co. v. Brassell,* 188 Ala. 349, 66 South. 447, they are not prepared to say that the size of the verdict was influenced by malice, prejudice, or other misconduct; and their holding is that the case should be affirmed.

Affirmed.

ANDERSON, C. J., and MCCLELLAN, SAYRE, SOMERVILLE, and GARDNER, JJ., concur.

MAYFIELD and THOMAS, JJ., dissent.