(84 South. 259)

HAYWOOD v. ALABAMA FUEL & IRON CO. (7 Div. 966.)

(Supreme Court of Alabama. Nov. 27, 1919. Rehearing Denied Dec. 24, 1919.)

NEW TRIAL ☞29—ARGUMENT IN ACTION FOR DEATH NOT SUPPORTED BY EVIDENCE HELD TO REQUIRE NEW TRIAL.

In an action for wrongful death caused by a gas explosion in defendant's coal mine, argument of plaintiff's counsel, stating as facts that dividends were earned by defendant corporation, that its directors and some of its stockholders were nonresidents of the state, that they held meetings in Washington to divide dividends, and that allowance of recovery would show them that the mine had been operated so as to produce a condition resulting in wrongful death of decedent, being improper and not supported by evidence, held to require a new trial.

Appeal from Circuit Court, St. Clair County; J. E. Blackwood, Judge.

Action by Addie Haywood, as administratrix, against the Alabama Fuel & Iron Company, for damages for the wrongful death of her intestate. There was judgment for plaintiff, which was set aside on motion of the defendant, and plaintiff appealed. Affirmed.

The plaintiff's intestate was killed by a gas explosion while engaged in the mining of coal for the defendant corporation in its coal mine. The complaint was in three counts, charging, respectively, a failure by defendant to provide a reasonably safe place for the intestate to work in; a failure to comply with the provision of General Acts 1911, p. 516, §§ 40, 42. Besides the general issue defendant pleaded the contributory negligence of the plaintiff. There was jury and verdict for plaintiff for $5,000. In his argument to the jury the counsel for the plaintiff made the following statement:.

"I say that if you put a fine on the defendant of $50,000 that it won't stop right here with our friends and fellow citizens and Mr. Deloney; it won't stop with him, but it will go up higher, it will go up to the folks that get the

dividends each year, and these dividends will be touched in such a manner as to attract their attention to the fact that they have been touched, and they will inquire into this and the folks that have really got control of this thing will say, 'Here, what is the matter down yonder?' and inquire into it and find out that this coal mine was operated in a manner to produce a condition of affairs which resulted in the wrongful death of the man, and that is the only place that it will be—"

Objection to this argument and motion to exclude being overruled, plaintiff's counsel continued, "When they get around the table in Washington to divide the dividends—" This statement was also objected to, and the objection was overruled. The trial court also overruled defendant's objection to several other statements made by plaintiff's counsel in argument to the jury, which need not here be set out. The court granted the motion for new trial on the ground that error had been committed in overruling defendant's several objections to the argument of plaintiff's counsel.

W. A. Denson, of Birmingham, for appellant. Counsel discusses the pleading and proof, together with the action of the court thereon, with citations of authority, but in view of the opinion of the court it is not deemed necessary to here set it out. On the question of the argument employed by counsel he cites the following cases to show that it was legitimate: 193 Ala. 188, 69 South. 1; 135 Ala. 613, 33 South. 683; 2 R. C. L. 421; 142 Ala. 40, 39 South. 341; 59 Ala. 279; 97 Ala. 63, 15 South. 242; 66 Ala. 51; 136 Ala. 135, 33 South. 826; 144 Ala. 134, 39 South. 251; 200 Ala. 308, 76 South. 78; 38 Cyc. 1471; 192 Ala. 526, 68 South. 330; 193 Ala. 28, 69 South. 122.

Percy, Benners & Burr, of Birmingham, for appellee. The court properly granted the motion because of the improper argument of the counsel. 74 Fla. 63, 76 South. 530, L. R. A. 1918B, 83; 74 Ala. 386; 256 Pa. 86, 100 Atl. 529; 11 Ala. App. 644, 66 South. 944; 184 Ala. 496, 63 South. 470; 77 Ala. 446; 104 Ala. 471, 16 South. 538; 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037; 190 Ala. 27, 67 South. 583; 165 Ala. 16, 50 South. 1027.

SOMERVILLE, J. Confining our review to that particular portion of the argument of plaintiff's counsel which is above reported, we feel no hesitation in saying that it was highly improper, and should have been rebuked and excluded in the first instance, and that the action of the trial court in granting a new trial on that account ought to be, and must be, upheld.

A fair analysis of the language in question shows a statement, as of fact, that dividends were earned by the defendant corporation; that its directors—and at least some of its stockholders—were nonresidents of Alabama, and that they held meetings in Washington for the division of their corporate dividends. There was no evidence before the jury of such matters, and such evidence could not have been properly received if offered.

The implications of the language, and the animus of the appeal thus presented to the jury are unmistakable, and need no judicial exposition. Suffice it to say that similar statements and arguments have been several times condemned by this court, as they should always be. E. T., V. & G. R. R. Co. v. Carloss, 77 Ala. 443, 447; Florence, etc., Co. v. Field, 104 Ala. 480, 16 South. 538; B. R., L. & P. Co. v. Gonzales, 183 Ala. 273, 281–283, 61 South. 80, Ann. Cas. 1916A, 543.

We need not consider other questions presented by the record.

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.