(100 So. 455)

**ROCK v. STATE. (6 Div. 224.)**

(Court of Appeals of Alabama. June 3, 1924.)

**1. Criminal law ⬤1160—Denial of motion for new trial not reversed in absence of bias.**

In absence of bias on part of county or circuit court, in both of which defendant was convicted, appellate court cannot reverse circuit judge's denial of defendant's motion for new trial.

**2. Criminal law ⬤807(1)—Charge held properly refused as merely argumentative.**

Charge that is not enforcement of law to convict only, but it is to find a true and correct verdict from testimony and law as given by court, *held* properly refused as merely argumentative.

**3. Intoxicating liquors ⬤235—Evidence of buyer's possession of other whisky than that purchased from defendant held properly excluded.**

Evidence that one purchasing whisky from defendant had other whisky *held* properly excluded as immaterial and irrelevant.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

⬤For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Bun Rock was convicted of violating the prohibition law, and appeals. Affirmed.

Charge 8, refused to defendant, is as follows:

"(8) The court charges the jury that it is not an enforcement of the law to convict only, but it is to find a true and correct verdict from the testimony and the law as given to you by the court."

A. A. Griffith, of Cullman, and P. A. Nash, of Oneonta, for appellant.

The verdict was not supported by the testimony, and the motion for new trial should have been granted. A. G. S. v. Powers, 73 Ala. 249; Gassenheimer v. W. Ry., 175 Ala. 319, 57 South. 718, 40 L. R. A. (N. S.) 998; Bank v. Bradley, 116 Ala. 148, 23 South. 53.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The credibility of witnesses is for the jury to determine. Addington v. State, 16 Ala. App. 10, 74 South. 846.

SAMFORD, J. [1] The evidence is in conflict. The case was first tried in the county court, and a judgment of guilt was there pronounced. On appeal the cause was submitted to a jury under a fair and impartial charge of the court and a verdict of guilt returned. On motion for new trial the judge trying the case overruled the motion. There is nothing in this record to convince us of a bias on the part of either tribunal passing upon this case, and under the law as it is we must hold that this court would be unwarranted in reversing the trial judge in his ruling denying the motion for a new trial. Miller v. Southern Bell Telephone & Telegraph Co., 195 Ala. 413, 70 South. 730.

[2] Charge 8, refused to defendant, is merely an argument and was properly refused.

[3] The fact that Clyde Smith had possession of other whisky than that bought by him from defendant would be immaterial and irrelevant, and the court properly sustained objection to defendant's question, undertaking to prove that fact.

We find no error in the record, and the judgment is affirmed.

Affirmed.