150 So. 560

## BIRMINGHAM ELECTRIC CO. v. BRYAN.
### 6 Div. 8.

Court of Appeals of Alabama.
Oct. 31, 1933.

Lange, Simpson & Brantley and W. P. Rutledge, all of Birmingham, for appellant.

W. A. Denson, of Birmingham, for appellee.

558

BRICKEN, Presiding Judge.

This appeal is from the original judgment and also from the trial court's action overruling defendant's motion for a new trial.

The suit was by appellee against appellant to recover damages for alleged personal injuries to plaintiff on account of negligence of the defendant's agents, servants, or employees in and about the carriage of the plaintiff as a passenger.

The trial in the court below resulted in a verdict of $400 for plaintiff, and it is here insisted, among other things, that the verdict, under the facts, is so grossly excessive the court for this reason should have set it aside on motion for a new trial citing Alabama By-Products Corporation v. Cosby, 217 Ala. 144, 115 So. 81. Another insistence presented and strenuously urged by appellant is made the basis of assignments of error 15, 16, 17, 19, and 21, all of which are predicated upon the alleged misconduct of plaintiff's counsel in making statements of fact outside the evidence in his closing argument to the jury which in the nature thereof were calculated to cause bias, prejudice, favoritism, or passion in the minds of the jury.

Without reference to such merit it contained we may pretermit a consideration of the first-mentioned insistence relating to the excessiveness of the judgment; but we are of the opinion that the latter insistence is well taken and must be sustained. The decisions of the Supreme Court of Alabama, as well as the decisions of this court, have very definitely established the attitude of the high courts of this state towards improper conduct on the part of counsel in the trial of cases. In Wolffe v. Minnis, 74 Ala. 386, 387–389, the Supreme Court, speaking through one of its most illustrious Justices (Mr. Justice Stone), said: "We think the language complained of in this case should not have

been indulged; and coming as it did from able, eminent counsel, it was well calculated to exert an improper influence on the minds of the jurors. The court might, and probably should, have arrested it ex mero motu. It is one of the highest judicial functions to see the law impartially administered, and to prevent, as far as possible, all improper, extraneous influences from finding their way into the jury-box. And when opposing counsel objected to the improper language employed, and called the attention of the court to it, it was not enough that offending counsel replied, 'Oh, well, I'll take it back.' Such remark cannot efface the impression. The court should have instructed the jury, in clear terms, that such remarks were not legitimate argument, and that they should not consider anything, thus said, in their deliberations. Nothing short of a prompt, emphatic disapproval of such line of argument, and that from the court itself, can avert the probable mischief. Sullivan v. State, 66 Ala. 48; Cross v. State, 68 Ala. 476."

In line with the foregoing, we think the trial judge permitted counsel to transcend the legitimate boundary of discussion. As will appear in his closing argument to the jury, counsel for plaintiff was allowed to state, as facts, what he alleged had occurred in former trials in which he was of counsel wherein the predecessor of this same appellant was defendant. There was nothing in the evidence of this case, nor could there have been, to warrant counsel in the assertions made, and the recitation of facts of the former cases referred to by him. It is true, in response to repeated objections by appellant's counsel, the court did remark: "What the jury did in other cases has nothing to do with this and I exclude that." This was in no wise sufficient; the court should have not only excluded the remarks of counsel referring to the result of the former cases and the verdicts of the jury, but should have gone further, if it was in his power so to do, and emphatically erase from the minds of this jury every statement by counsel as to what the *facts* were in the former cases to which he made repeated reference and should also have excluded the remarks of counsel as to "all of them (witnesses) were shown to have been liars and the jury brought in a verdict for the Chinaman."

This court, in the case of City of Tuscaloosa v. Hill, 14 Ala. App. 541, 69 So. 486, held to the long-established rule, and in said case cited and quoted from numerous decisions all of which sustain the holding here.

Pretermitting the consideration of any other of the questions raised by this record, we have no hesitancy in saying it is our opinion the court below, for the reasons stated, should have ex mero motu declared a mistrial. Having failed so to do, we hold there was er-

ror to a reversal in overruling the motion for a new trial in which were presented the questions here discussed, together with numerous other questions, some of which appear to contain merit.

Reversed and remanded.