194 So. 427
SHEPHERD v. MORRISON'S CAFETERIA
CO., Inc.
I Div. 341.

Court of Appeals of Alabama.
Feb. 27, 1940.

Chas. C. Hand, of Mobile, for appellee.

Geo. A. Sossaman, of Mobile, for appellant.

PER CURIAM.

The complaint was in one count and claimed damages from the defendant for injuries set out therein caused as a proximate result of the negligence of the defendant, in that the defendant negligently maintained a certain door in defendant's store or restaurant in such way as that said door would close suddenly and quickly so as to be in an unsafe condition for the use of customers in said store or restaurant.

There is little difference between the count in the instant case and Count "A" in the case of F. W. Woolworth Co., Inc., v. Erickson, 221 Ala. 5, 127 So. 534, in which the Supreme Court held that the averment as to a breach of this duty is in general lan-

guage and may be little short of a mere conclusion, yet it sufficiently meets the requirements of our decisions. Citing the cases of Shelby Iron Co. v. Morrow, 209. Ala. 116, 95 So. 370; Mobile Light & R. R. Co. v. Therrell, 205 Ala. 553, 88 So. 677.

We do not think any of the grounds of demurrer are well taken, and therefore were properly overruled.

After judgment had been obtained in favor of the plaintiff, the defendant moved the court to set aside the judgment and to grant a new trial on the following grounds:

"1. Said verdict and judgment is contrary to law.

"2. Said judgment and verdict is contrary to the evidence.

"3. Said verdict and judgment is not supported by the law and the evidence.

"4. Said verdict and judgment is not sustained by the great preponderance of the evidence.

"5. For that the court erred in overruling defendant's demurrers to the complaint."

"7. For that the complaint in said cause is not sufficient to support a valid judgment in favor of the plaintiff.

"8. For that the court erred in refusing the general charge requested in writing by the defendant.

"9. For that the court erred in permitting, over defendant's objection, the jurors to be interrogated with respect to their interest in or affiliation with the Standard Accident Insurance Co.

"10. For that one or more of the jurors were related to plaintiff's attorney, which fact was unknown to the defendant or defendant's attorney, and was not disclosed by such juror in answer to the Court's interrogation with respect to such relationship.

"11. For that the argument by plaintiff's attorney to the jury to the effect that defendant owed its patrons the duty to protect them from injury while on defendant's premises, was improper and calculated to bias or prejudice the jury in their deliberations.

"12. For that the court's oral charge to the jury was not in accordance with the law, in that it indicated to the jury that there was some burden upon the defendant to establish the material facts of one or more of its pleas of contributory negligence, even though the jury was reasonably satisfied from the evidence, or lack of evidence, that plaintiff had failed to meet the burden upon

the plaintiff with respect to the material allegations of the complaint.

"13. For that the oral charge of the court was confusing as to the law applicable to the case.

"14. For that the qualification of the jurors with respect to insurance companies and the argument by plaintiff's counsel to the jury with respect to insurance companies, was improper and calculated to prejudice the jury in the trial of this cause, and prevented the defendant from having a fair trial thereof upon the law and the facts."

It will be unnecessary for us to specifically pass upon each ground for the motion for a new trial, for the reason if any of said grounds are good, the Court would not be put in error for granting the motion.

The evidence was in conflict, and as the cause must be tried again, we feel that comment upon the testimony would be out of place on this appeal. Suffice it to say, the Court had all of the parties before him; he had the advantage of the "atmosphere" of the trial; he was enabled to judge, better than we, the effect of injecting into the case the fact that defendant was indemnified by an Insurance Company. With these facts before him, it is the peculiar duty of the trial judge to grant new trials in all cases where an injustice has been done by the jury on account of prejudice or other improper influence.

In the case of Miller v. Southern Bell Tel. & Tel. Co., 195 Ala. 408, 70 So. 730, 732, the Supreme Court had this to say: "The case of Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, brought this statute before us for the first time. In that case, as in this, the main ground of the motion was that the verdict was contrary to the evidence. In that case, the motion had been denied by the trial court, and we were asked to reverse his ruling. *We gave the question careful consideration* [Italics ours], and declared two rules, which we intended should become a guide and precedent. We said: 'The decision of the trial court, refusing to grant a new trial on the ground of insufficiency of the evidence, or that the verdict is contrary to the evidence, will not be reversed, unless, after allowing all reasonable presumptions in favor of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.' *When the lower court grants a new trial, and the appeal is from that ruling* [emphases ours], we said, the decision 'will not be reversed, un-

less the evidence plainly and palpably supports the verdict.'"

The case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, has become the leading case in this State upon that question.

 Following that rule as it has been followed in this Court and in the Supreme Court since, we hold that the judgment of the trial judge on this appeal will not be reversed. Attention may be directed to such cases as Jackson Lbr. Co. v. Trammell, 199 Ala. 536, 74 So. 469; Haywood v. Alabama Fuel & Iron Co., 203 Ala. 550, 84 So. 259; Mallory S. S. Co. v. Druhan, 16 Ala.App. 438, 78 So. 636; Birmingham E. Co. v. Bryan, 25 Ala.App. 556, 150 So. 560.

The plaintiff in the court below moved the court to tax as costs in the case a witness fee for mileage sought to be proven by the plaintiff who testified in the case. The Court refused to grant this motion.

This exact question has never been decided by the Courts of this State, but following the general rule as laid down in 70 C.J. 69(68)b, we hold that a party to a suit voluntarily testifying in his own behalf is not entitled to witness fees to be taxed as costs.

The motion to tax the cost was properly overruled.

We find no error of a reversible nature in the record, and the judgment is affirmed.

Affirmed.

Note. The foregoing opinion was prepared by the late Judge Samford. Since his untimely death, this court has considered this case en banc. We are clear to the conclusion that said opinion is correct in all things; therefore, it is hereby approved and is made and adopted as the opinion of this court.