Plaintiff sued the defendant seeking damages for personal injuries allegedly sustained in a motor vehicle collision. From a judgment entered pursuant to a jury verdict for the defendant, plaintiff appeals and raises four issues:
(1) Was opposing counsel's reference to plaintiff's expert witness as a "hired gun" unduly prejudicial?
(2) Did the court err in refusing to instruct the jury on the definition of an "expert," as requested by the plaintiff?
(3) Did references by the defendant's counsel to the plaintiff's insurance carrier prejudice the plaintiff? and,
(4) Did the trial court err to reversal in not permitting the plaintiff's counsel on voir dire to question prospective jurors as to whether they were able to avoid sympathy for the defendant because the driver of his vehicle was killed in the incident.
The facts are fairly simple. Plaintiff, accompanied by his son, was driving his tractor-trailer rig northbound on U.S. Highway 31 in northern Jefferson County. Terry Lemley, the nephew and employee of the defendant, was driving the defendant's van southbound on the same highway. The vehicles collided. Terry Lemley was killed instantly. Plaintiff suffered injuries to his neck and spine for which he brought suit.
The crucial factual issue at trial was which vehicle, immediately prior to collision, crossed the center line of the road. Law enforcement authorities testified that in their opinion, the plaintiff was on the wrong side of the road. Plaintiff presented the testimony of one Dr. Antrim, an accident reconstruction expert, who testified that it was his opinion that Terry Lemley was driving on the wrong side of the road.
 I
During final arguments, counsel for the defendant made the following remarks concerning plaintiff's expert witness: *Page 542 
 "MR. ELLIOTT: And not only that, he hasn't ever driven a tractor-trailer rig in his life. And he comes up here and purports to reconstruct — you know, lawyers, we've been around here awhile. We've got what you called `Hired Guns', that is, you hire somebody who says he's an expert, and it doesn't take a lot of qualifications to be able to testify. It's up to the jury to either accept it or reject it, and you train him at somebody's expense, and he's hired at — If I have ever seen what we call a `hired Gun', it's Dr. Antrim in this case. Why do I say that? Here is a man who admitted that he testified in favor of a drunk who sued the Alabama Power Company —
"MR. LANGNER: Now, wait —
 "MR. ELLIOTT: — When he ran off the road and hit a post. He did —
"MR. LANGNER: He didn't say that at all.
"MR. ELLIOTT: — Certainly he did.
 "MR. LANGNER: And I don't — That's got nothing to do with our case, what he did in some other case.
 "THE COURT: Let me give him a ruling. The Court's ruling is that the objection in that form, any ruling that I make might be viewed as a comment on the evidence.
 The jury heard what was said in that regard; it's not for the Court to say, but I'll overrule, and I'll caution the jury that this is argument. All right.
 "MR. ELLIOTT: It is argument, and it's something that you need to consider when you decide whether you are going to believe Dr. Antrim or you are going to believe Deputy Creel."
We will not address the question whether plaintiff's counsel properly stated his objection. It is clear that the court overruled it and cautioned the jury that counsel's remarks were argument and that they heard the evidence.
We do not find the reference to Dr. Antrim as a "hired gun" prejudicial error to reverse. The record shows that Dr. Antrim's qualifications as an "accident reconstruction expert" were hotly contested. Dr. Antrim had testified only once before — in a trial in which he testified for a plaintiff who had sued the Alabama Power Company for injuries he received when he ran into a power pole. There was evidence presented that the plaintiff in that prior case had been driving while intoxicated. Also, it was acknowledged by the plaintiff's counsel during his rebuttal argument that the expert is a hired professional who deserves to be compensated for his services.
"In argument to the jury, counsel may not argue as a fact that which is not in evidence, but he may state or comment on all proper inferences from the evidence and may draw conclusions from the evidence based on his own reasoning."Adams v. State, 291 Ala. 224, 228, 279 So.2d 488, 492 (1973). Witnesses may not be abused, however, or facts from other cases indiscriminately injected into the case at bar. See, BirminghamElectric Co. v. Bryan, 25 Ala. App. 556, 150 So. 560 (1933). By finding that the reference to a "hired gun" is not prejudicial, we should not be understood as approving its usage in a case where experts testify and are compensated for their services.
We do find that the plaintiff was not prejudiced or the witnesses abused by counsel's remarks in this case.
 II
Plaintiff alleges the court erred in refusing to submit to the jury the following requested instruction:
 "REQUESTED CHARGE 22: The Court charges the jury that an expert witness is one who by education, training and/or experience has attained such skill, knowledge or experience of some science, profession, business or occupation, not of common knowledge to the average layman."
The court, during his oral charge, advised the jury to weigh the credibility of all the witnesses and make their judgment accordingly. Both parties presented expert testimony. *Page 543 
The requested instruction, taken verbatim from Alabama Pattern Jury Instructions 15.07 would have been appropriate to give, but it was not prejudicial error for the trial judge to refuse it, especially since the plaintiff did not request the court to instruct the jury on the weight to accord an expert's testimony. See APJI 15.09.
 III
On several occasions, defendant's counsel made reference to the plaintiff's insurance carrier, the Travelers Insurance Company. Travelers originally retained Dr. Antrim to investigate the incident only a few hours after it occurred.
It is true that counsel may not make reference to another party's insurance for the sole purpose of showing the jury that the party will not have to pay a judgment personally if one is returned against him, [Gwin v. Church, 272 Ala. 674,133 So.2d 880 (1961)]; however, one may make reference to an insurance carrier for the purpose of showing the fact that the witness has been retained by the carrier for the purpose of preparing evidence to be used in the case.
We find the plaintiff was not prejudiced by the references to his own insurance carrier.
 IV
It is axiomatic that while ". . . wide latitude should be accorded the parties in their voir dire examination of prospective jurors touching their qualifications, interest or bias, the extent of the examination is largely discretionary with the trial court." Thompson v. Havard, 285 Ala. 718, 724,235 So.2d 853, 859 (1970). We have examined the voir dire examination conducted by both parties and find no abuse of the trial court's discretion.
The judgment below is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.