37 So.2d 633

## BIRMINGHAM ELECTRIC CO. v. THOMPSON.

6 Div. 631.

Supreme Court of Alabama.

Oct. 14, 1948.

Rehearing Denied Dec. 16, 1948.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellant.

466

Clifford Emond, of Birmingham, for appellee.

SIMPSON, Justice.

The plaintiff, a passenger in an automobile driven by her companion, was injured in a collision with a bus of the defendant in the city of Birmingham.

The principal insistence of error is the refusal of the trial court to grant a new trial on the ground of the excessive-ness of the verdict. The verdict returned was $20,000 and, in acting on the motion for a new trial, the court ordered the verdict reduced to $14,000 with a remittitur of the excess, which was accepted by the plaintiff.

The court has given careful consideration to the entire evidence. We have reached the conclusion that a further reduction of the verdict would not be here authorized.

The evidence as regards the case of the plaintiff's injuries came from her own witnesses and was without dispute. Her head was propelled through the windshield of the automobile in which she was a passenger. She received facial injuries which, from the testimony of the witnesses, were indicated to be rather serious and left scars. She received a permanent injury to her foot, which requires her to wear an orthopedic shoe, produces some visible deformity and gives her pain on locomotion and when she is required to be on it for any length of time. She was a young business woman, twenty-three years of age when the accident occurred and, by reason of her permanent impairment and deformity, is unable to participate in the usual recreations of young people, such as dancing and other sports which require such nature of activity. To remedy the impairment it appears from the testimony of the orthopedic surgeon that elaborate and expensive surgery would be necessary, with the prognosis thereof being extremely uncertain.

Regrettably, from the standpoint of an appellate court seeking to appraise the correctness of the amount of the judgment appealed from, we are not advantaged as the jury and the trial judge were in observing the objective symptoms, such as the scars on the plaintiff's face, the deformity of the foot, and the cosmetic aspect of such injuries. We cannot foretell what future pain or suffering, also an element to be considered (15 Am.Jur. 483, § 73), might recur. Nor is there any yardstick to measure the amount of recompense which should be awarded for pain or mental suffering.

We must, perforce, rely upon the good judgment of the trial court, an able jurist

of long experience, who was so advantaged and who reduced the judgment to the amount stated. On this point we must be impressed with his conclusion and, indeed, it has weight on review, and a favorable presumption as to its correctness is indulged. Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545(18); Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830(6).

■ The same general principle, of course, applies as regards overturning the decision of the trial court in such a case as his refusal to grant a new trial. Unless after indulging all presumption in favor of the correctness of that ruling, the preponderance of the evidence against such a judgment is so decided as to clearly convince the court that it is wrong and unjust, we should not reach in and interfere with it. Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738.

■ A further observation here, as was made in the Howard case, supra, 34 So.2d at page 832, is pertinent:

"* * * In passing on the question of the excessiveness of the damages, this court will look to the diminished purchasing power of money, the present inflationary trends, exemplified in the exorbitant rise in the price of nearly all commodities and the enormous increase in the cost of living, and give approval to a larger verdict than under normal conditions. * * *"

■ Finally on this point we might refer to a few previous cases in which verdicts and judgments, claimed as excessive, were approved. Though such cases are not binding precedents, where there is a similitude with the case under review, and they present a close parallelism of facts and circumstances, the judicial mind is justified in being influenced thereby. Such cases are here noted and a reference thereto will serve to illustrate our conclusion in sustaining the trial court. See Southern Ry. Co. v. Crowder, 130 Ala. 256, 30 So. 592; Central of Georgia R. Co. v. White, 175 Ala. 60, 56 So. 574; Hines v. Wimbish, 204 Ala. 350, 85 So. 765; White v. Thorington, 219 Ala. 101, 120 So. 914.

■ .The only other point argued for error, which is due comment, is based on the ruling of the trial court in sustaining the plaintiff's objection to the following question propounded by the defendant on cross-examination to the plaintiff's witness Pattillo, a police officer of the city of Birmingham, who was not a witness to the accident but had investigated it shortly after its occurrence: "Q. Did that indicate to you, Mr. Pattillo [speaking of the location of the bus, etc., at the scene of the accident], that bus had been hit a heavy or light lick with that Lincoln car?" This inquiry did not call for a shorthand rendering of any facts, but for an unauthorized conclusion and invaded the province of the jury. The officer had immediately prior to this interrogation fully explained what he discovered and that the rear wheels of the bus had been pushed sideways a certain distance; the damage to the bus had been described by the witnesses and other facts given to the jury. From these the jury could have drawn their own conclusion as regards the impact of the two vehicles.

We do not think there is basis on which to sustain any assignment of error.

Affirmed.

BROWN, LIVINGSTON, and STAKELY, JJ., concur.