104 So.2d 767

**A. H. KESSLER**

v.

**Lucille KELLY.**

**6 Div. 449.**

Court of Appeals of Alabama.
Aug. 19, 1958.

London & Yancey, J. G. Adams, Jr., and Jas. E. Clark, Birmingham, for appellant.

Hogan & Callaway and Robt. S. Vance, Birmingham, for appellee.

HARWOOD, Presiding Judge.

This is an appeal from an order of the trial judge granting the plaintiff's motion for a new trial because of the inadequacy of the damages awarded by the jury in their verdict.

In the trial below the case went to the jury on two counts, one bottomed on negligence, and the other charging wilful or wanton conduct on the part of the defendant as proximately causing plaintiff's injuries and damages.

In essence the counts charge the negligent, or the wilful or wanton misconduct of the defendant, a chiropractor, in diagnosing and improperly treating the plaintiff for an impacted colon, whereas the defendant knew, or should have known that she was afflicted with appendicitis, with the result that her appendix was ruptured and she was caused to undergo a serious operation, with long confinement and hospitalization, with consequent pain, suffering, medical expense and loss of earnings.

The jury returned a general verdict in favor of the plaintiff and assessed her damages at $1,000.

The evidence presented by the plaintiff tended to show that she went to defendant's clinic on 23 September 1954, because of a pain in her abdomen.

On her first visit she was given a colonic irrigation by a nurse in the clinic. She became extremely sick from this treatment and had to lie down for two hours before leaving. The next day she returned to the

clinic and the defendant examined her abdomen and gave her a spinal adjustment. She continued to visit the clinic and was apparently treated on alternate days by colonic irrigations, and by spinal manipulations and an electric vibrator was used on her groin. Laxatives and vitamins were prescribed.

The plaintiff's illness did not improve, but on the other hand she grew worse, her temperature at times reaching 105 degrees.

According to the plaintiff the defendant assured her she would be all right, and that she was suffering from an impacted colon.

The plaintiff's visits to the defendant's clinic continued until 2 October 1954. On 4 October 1954 a relative took her to Dr. Byrn Williamson, a surgeon.

Dr. Williamson found a mass in plaintiff's abdomen about the size of an orange, and diagnosed plaintiff's illness as appendiceal abscess. He administered drugs and prescribed bed rest in order to build plaintiff up for a surgical operation.

On 10 November 1954 Dr. Williamson operated upon the plaintiff. His diagnosis of appendiceal abscess was confirmed by the operation.

In Dr. Williamson's opinion plaintiff's appendix had ruptured within ten days prior to the time he first saw her on 7 October 1954.

Dr. Williamson also testified that plaintiff suffered from a heart condition disclosed by an electrocardiogram, and that the poison from a ruptured appendix was likely to have aggravated such a heart condition.

The plaintiff remained in the hospital some nine days after the operation, and was instructed to lie down whenever she felt overly tired, and not to overtax herself.

The plaintiff testified that she remained in bed for two and a half months after returning to her home from the hospital, and did not return to the beauty shop she operated until January, and was able to work only about four hours a day. At the time of the trial she felt tired all the time, and had quite a bit of pain and discomfort.

The plaintiff's hospital bill was $258.45 and her doctor's bill was $312, a total of $570.45. She did not know what she had spent for drugs and medicines.

Thus, it would appear that of the $1,000 damages, $570.45 were actual damages, leaving $429.55 to be considered as awarded for pain and suffering, no other elements of damages having been sufficiently established by the plaintiff's evidence. It was on this basis that the trial court granted plaintiff's motion for a new trial, i. e. the inadequacy of the damages awarded.

In reviewing the action of a trial court in granting, or denying, a motion for a new trial, an appellate court often occupies a position which is puzzling. See language of Rice, J., in Kent v. Lindsey, 30 Ala. App. 582, 10 So.2d 54.

In the landmark case of Cobb v. Malone, 92 Ala. 630, 9 So. 738, 740, it was stated that the action of the trial judge in such premise will not be reversed "unless the evidence plainly and palpably supports the verdict."

This broad generalization of expression found in Cobb v. Malone, supra, needed, and has received a gloss in later decisions. Unfortunately, the gloss itself is rather general, and difficult to apply to specific cases.

In Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504, 505, Sayre, J., wrote:

"On appeal this court will not reverse an order granting a new trial, 'unless the evidence plainly and palpably supports the verdict' * * * meaning, as we think, that this court will not reverse in such case, unless the evidence adduced in the trial court plainly and palpably shows that the trial court was in error."

In Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447, 449, Bouldin, J., wrote:

"The basic reason for disturbing the verdict of a jury because of excessive or inadequate damages is precisely the same as for disturbing it because not supported by the evidence, or because opposed to the clear and convincing weight of the evidence. In the one case the inquiry is directed to one feature of the verdict; the damages awarded.

"Speaking of the power and duty of the trial court in dealing with a verdict for inadequate damages, this court recently held: 'That the credibility of witnesses is involved, that opinion evidence of value, not conclusive upon the trial of fact, is to be considered, and that there is no yardstick to measure the damages for physical pain and suffering, does not withdraw the case from the supervisory power of the trial court over the verdicts of juries. In all these matters he is in like position with the jury, and clothed with the power and duty to relieve against verdicts, which, allowing all reasonable presumptions in their favor, are still found to be clearly wrong and unjust from any cause, whether by reason of passion and bias, or from mistake, inadvertence, or failure to comprehend and appreciate the issues.' Birmingham News Co. v. Lester, 222 Ala. 503, 504, 133 So. 270."

■ An appellate court must be impressed with the conclusion of a trial court in granting or refusing a motion for a new trial, and indulge a favorable presumption in its favor as to correctness. Birmingham Electric Co. v. Thompson, 251 Ala. 465, 37 So.2d 633.

■ We deduce from the above principles that in reviewing the trial court's ruling on a motion for a new trial, when such ruling is in a twilight zone, which is neither black, nor white, but gray, then the lower court's discretion in the matter should not be disturbed by us.

■ In our opinion this is a twilight zone case, and we are unwilling to say that the lower court's ruling was plainly and palpably erroneous.

An additional reason appears from the record which we think necessitates an affirmance of this judgment.

■ In considering the action of the lower court in granting the motion for a new trial we are not limited solely to the grounds announced by the lower court as a basis for its action. If a new trial was warranted on any of the grounds assigned the judgment granting the new trial will not be disturbed. Lassetter v. King, 33 Ala.App. 204, 31 So.2d 586; Louisville & N. R. Co. v. Scott, 232 Ala. 284, 167 So. 572; Gissendanner v. Temples, 232 Ala. 608, 169 So. 231; Sullivan v. Alabama Power Co., 246 Ala. 262, 20 So.2d 224; Shepherd v. Morrison's Cafeteria Co., Inc., 29 Ala.App. 189, 194 So. 427; First National Bank of Birmingham v. Searcy, 31 Ala.App. 553, 19 So.2d 559.

Ground 22 of plaintiff's motion for a new trial asserts that the lower court erred in giving at defendant's request the following charge in writing:

"36. I charge you, gentlemen of the jury, that in arriving at your verdict in this case, you must not resort to speculation, conjecture or guesswork, and if, after you have considered all of the evidence in this case, you are uncertain as to any element of damage or injury claimed by the Plaintiff, you cannot return a verdict in favor of the Plaintiff and against the Defendant covering the particular element of damage or injury concerning which you are uncertain."

The clear implication of such charge is that the jury must be certain as to any element of damage before they could return a verdict in favor of the plaintiff for such claimed element of damage.

The plaintiff's burden was to prove her damages to the reasonable satisfaction of the jury, not to a certainty. This charge therefore placed too great a burden upon the plaintiff as to her proof of damages. Smiley v. Hooper, 147 Ala. 646, 41 So. 660; Anniston Mfg. Co. v. Southern Ry. Co., 145 Ala. 351, 40 So. 965; Brown v. Master, 104 Ala. 451, 16 So. 443; Alabama G. S. R. v. Hill, 93 Ala. 514, 9 So. 722; Rowe v. Baber, 93 Ala. 422, 8 So. 865; American Lumber & Export Co. v. Love, 17 Ala.App. 251, 84 So. 559.

In this aspect this charge was more than abstract, or misleading, but was positively erroneous. The plaintiff was therefore entitled to complain of this charge, even though no explanatory charge was requested. Lassetter v. King, 33 Ala.App. 204, 31 So.2d 586, supra.

Affirmed.