283 So.2d 433

**C. R. PATTERSON**

v.

**PAGE AIRCRAFT MAINTENANCE, INCORPORATED.**

**Civ. 137.**

Court of Civil Appeals of Alabama.

June 13, 1973.

Rehearing Denied July 18, 1973.

C. Lanier Branch, Montgomery, for appellant.

Jackson W. Stokes, Elba, for appellee.

WRIGHT, Presiding Judge.

Suit was for breach of contract by an employee against the employer corporation. Plaintiff Patterson, appellant here, charged that prior to 21 August 1969 he was an employee of Page Aircraft Maintenance, Incorporated, for several years at Fort Rucker as a lead armament mechanic. Page was, by cost plus contract with the United States Army, charged with maintaining the helicopters and their armament and equipment flying from Fort Rucker; that appellant entered into a contract with Page whereby he was to perfect certain modification of equipment and receive as compensation therefor 10% of the savings resulting therefrom.

To the complaint, appellee Page, pled in short by consent. The case proceeded to trial by jury. Verdict and judgment was rendered for $9,000. Upon motion, the trial court set aside the verdict and judgment directing a new trial. The court stated in its order that the motion was granted upon the specific grounds that appellee was due the affirmative charge for that "plaintiff failed to prove there was a contract between plaintiff and defendant in

that plaintiff failed to prove any agent of defendant, with authority to do so, entered into the alleged contract with plaintiff." It is from the granting of the motion for new trial that this appeal was taken.

The tendency of the evidence by plaintiff was that prior to August 21, 1969, there had developed certain defects in the machine guns used on the helicopters. This defect was in a part called a "feeder delinker." This part wore quickly causing the gun to jam. Each such part cost some $1,000 and once worn had to be replaced and discarded. The malfunction was interfering with and delaying the training program, resulting in additional cost to the Army.

Appellant, a skilled armament mechanic, thought he could develop a modification which would increase the life of the feeder delinker and allow reclamation of those previously worn and discarded. He discussed with his foreman, a Mr. Ray, the possibility that he could develop a modification that would help the problem. Ray told him to wait and see if the Army could solve it.

In a few days Ray told him to go ahead with his idea to determine if it would work. Appellant told Ray that he would attempt to solve the problem if he were paid ten percent of the savings that might result. Appellant's version of Ray's reply was as follows:

"He told me to go ahead and see what I could do. He said I can't promise you how much money you will get out of this thing, but I'll turn it in for you."

Appellant proceeded to work on a modification. After some weeks he perfected a device which when applied to the gun mechanism materially improved the ability of the "Feeder Delinker" to withstand use and enabled some 60 old ones to be reclaimed and used.

Appellant was subsequently assisted by Ray in the filing of the forms for an award for his device. After such filing when nothing was heard of an award, appellant went to a Mr. Montgomery who was in charge of the incentive awards program for Page. Appellant stated that Montgomery checked on his claim and told him he did not know what amount would be awarded, but that he understood it would be quite a sum. When Patterson heard nothing further, he went to other Page personnel and was ultimately told he was not eligible for an incentive award representing 10% of the savings resulting to the Army. He was told there was such a program, but that it was only available to government Civil Service employees. Appellant was subsequently given an award of $60.00 under the Page incentive program which he refused.

During appellant's employment there had been in effect an incentive award program for Page employees. Appellant was familiar with this program and had been given several awards thereunder. This program was in writing and was contained in the contract with the union of which appellant was a member. The manner of applying for and receiving such awards was specifically stated. The maximum award was $100.00. The amount was determined by an awards committee.

Appellant stated that prior to speaking with Ray about developing his device, he had heard rumors and had been told by a foreman of Page that there was being adopted the ten percent of savings award by Page. The foreman he talked with was a Mr. Smith, who was foreman in another department of the Page operation.

Though of little, if any, relevance to the question presented by this appeal, we will relate that the evidence was that appellant, after denial of the demanded award of 10% of the savings resulting from his device, continued to press his claim. He consulted counsel who wrote letters to Army management and officers. Appellant wrote his congressman who in turn wrote the Army officials at Fort Rucker. He wrote Page top management demanding the award. After these contacts, he was

called to a meeting of Page officials and requested to cease and desist his contacts and letter writing. If he refused, his employment would be terminated. Appellant refused. His employment was terminated. His union heard a grievance as to his discharge and denied it.

In considering the ruling of the trial court in granting appellee's motion for new trial, we perceive the primary question to be whether the court was correct in stating that the evidence failed to show that a contract was entered into between appellant and an agent of Page clothed with authority to bind the Page Corporation. This is the ground of the motion upon which the court stated it was granting a new trial. However, we note here that in considering the correctness of the granting of a new trial we are not limited to considering solely the ground stated by the court to be the basis of its ruling. If a new trial was warranted under any of the grounds assigned in the motion, the granting of the new trial will not be disturbed. Kessler v. Kelly, 39 Ala.App. 543, 104 So.2d 767. Upon review of the granting or denial of a motion for new trial there is a presumption that the ruling of the trial court is correct, and such ruling will not be reversed unless the evidence plainly and palpably supports the verdict. Cobb v. Malone, 92 Ala. 630, 9 So. 738; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504; B'ham Elec. Co. v. Thompson, 251 Ala. 465, 37 So.2d 633; Kessler v. Kelly, supra.

Our review of the evidence does not convince us that the trial court erred in granting the motion for a new trial.

We have previously related herein appellant's relation of the discussion had with appellee's employee, foreman Ray. It is from that conversation that the contract allegedly came upon which appellant sought to recover from appellee. Accepting the evidence most favorably for appellant, an offer was made to attempt to produce a desired result for a specific consideration. In reply to such offer, according to appellant's testimony, the foreman said that appellant could proceed with his attempt, but if successful he could not promise what would be paid, but that he would turn in to higher authority appellant's claim for an award.

This conversation between appellant and Ray fails to disclose the required basic elements of a contract, an offer and an acceptance, but it clearly disclosed to appellant that the foreman recognized a lack of authority to act as the agent of Page in such respect. There is no evidence of a relationship between Page and foreman Ray other than that of master and servant. We have searched the record and find no evidence of any authority granted to Ray by appellee corporation, either express, implied or apparent, to enter into such a contract on its behalf. Ray stated his job was to supervise and administer the armament shop which was only one area of a large operation.

Appellant stated he was familiar with the only incentive program previously promulgated in writing and had received awards thereunder. He knew that all claims for such awards were submitted by form for consideration by a committee, and that awards were made by such committee under specific rules. There was no evidence that Ray or any other foreman had previously exercised any authority over the granting of awards.

The authority of an agent to contract on behalf of a principal must be either expressed, implied or apparent. 2A C.J.S. Agency. There is no contention by appellant that Ray had express authority as an agent of appellee to contract on its behalf. Therefore, such authority must be either implied or apparent. It is stated in 2A C.J.S. Agency § 153 as follows:

> "Implied authority may be viewed as actual authority given implicitly by the principal to the agent; and, as otherwise stated, it is actual authority circumstantially proved, or evidenced by conduct or

inferred from course of dealing between the alleged principal and agent. It differs from apparent authority in that it is authority which the principal intended that the agent should have. . . Implied powers, like any others, must be bottomed on some act or acquiescence of the principal, express or implied. They are created by act of the parties and in every case depend largely upon the particular circumstances involved.

"They are not to be extended beyond the legitimate scope of implied authority, their existence or non-existence in any particular instance being always determinable by reference to the intention of the parties. *So an agent has no implied authority unless he believes that he had such authority*. . ." [Emphasis ours.]

From appellant's own version of the making of the contract comes the alleged agent's denial of authority to bind his employer to the proposition presented. There is no evidence providing circumstances which indicate that the appellee intended that its foreman have such authority. No previous course of dealing so indicates, but circumstances of previous awards under the incentive program indicate to the contrary. Though not of great significance, it is further in evidence that Page operated with the Army on a cost plus arrangement. Thus any savings resulting from improvements by its employees would inure to the Army not to Page.

■ Neither may the legitimate scope of authority implied in the position of Ray as a shop or section foreman of a many faceted operation be extended to include the making of a contract binding the corporation to payment of many thousands of dollars. It is stated in the case of Scales v. Mount, 93 Ala. 82, 9 So. 513, and quoted in the case of Coston Riles Lumber Co. v. Ala. Machinery & S. Co., 209 Ala. 151, 95 So. 577, as follows:

"As a general rule, the authority of an agent will not be extended beyond that which is given in terms, or is necessary and proper to carry the authority given into full effect."

■ We find no foundation in the evidence for apparent authority of Ray to bind Page. The doctrine of apparent authority rests upon the principle of estoppel, which forbids one by his acts to give an agent an appearance of authority which he does not have and to benefit from such misleading conduct to the detriment of one who has acted in reliance upon such appearance. We find in Am.Jur.2d, Agency, § 74, p. 476 the following:

"The apparent power of an agent is to be determined by the acts of the principal, and not the acts of the agent; a principal is responsible for the acts of an agent only where the principal by his acts or conduct has clothed the agent with the appearance of authority and not where the agent's own conduct and statements have created apparent authority."

This definition of apparent authority was stated and followed in the cases of Automotive Acceptance Corp. v. Powell, 45 Ala.App. 596, 234 So.2d 593, and Owens v. Wood, 43 Ala.App. 366, 190 So.2d 734.

The record in this case is absent any evidence or tendency thereof that Page had ever by any action made it appear to appellant that its foreman had been given authority to enter into a contract with an employee for awards, either under the promulgated program or one merely rumored.

We find that the evidence failed to provide a gleam, glimmer or scintilla that foreman Ray possessed any authority from Page, actual, express, implied or apparent, to bind Page as its agent to the contract alleged by appellant. We further are of the opinion that the evidence fails to establish that such a contract was made between appellant and Ray. Thus, we find that the granting of the motion for new trial was not error and the trial court is due to be affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.