RUSSELL, Judge.
This is an appeal from the grant of a motion for judgment notwithstanding the verdict.
On August 1, 1984, Humphrey's Auto Sales and Wrecker, Inc. (appellant), filed a complaint against Duncan Muffler Company, Inc. (appellee), and Bernard Lieberman, the appellee’s alleged agent, contending fraud and breach of contract. The case was tried on September 19, 1989. At the close of all of the evidence, the appellee moved for directed verdict, raising solely the issue of agency. Such motion was denied.
Subsequently, the jury returned a verdict in favor of the appellant and against both the appellee and Lieberman in the amount of $3,000 and further, by its answer to an interrogatory, concluded that Lieberman was, in fact, the agent of the appellee. In response, the appellee moved for judgment notwithstanding the verdict on the grounds that there was insufficient evidence to support a finding of agency. That motion was granted in favor of the appellee, and this appeal followed. We reverse.
The dispositive issue is whether there was a scintilla of evidence to support the jury’s determination that Lieberman was the appellee’s agent and, therefore, that the appellee was liable to the appellant. Initially, we note that the scintilla rule is applicable here because this action was commenced prior to the enactment of § 12-21-12, Ala. Code 1975 (1986 Repl.Vol.), which requires proof by substantial evidence in all actions commenced after June 11, 1987. Also, the standard of review for directed verdict and judgment notwithstanding the verdict are the same. Stauffer Chemical Co. v. Buckalew, 456 So.2d 778 (Ala.1984); Casey v. Jones, 410 So.2d 5 (Ala.1981).
If a scintilla of evidence exists which is favorable to the non-moving party, then both motions will be denied. Stauffer, 456 So.2d 778; Crigler v. Salac, 438 So.2d 1375 (Ala.1983). In applying the scintilla rule, a court is to deny such motions if there exists a “ ‘gleam, glimmer, or spark’ of conflict in the evidence.” Walker v. Humana Medical Corp., 415 So.2d 1107, 1109 (Ala.Civ.App.1982). Moreover, a motion for judgment notwithstanding the verdict should only be granted where a grant of a directed verdict would have been proper. Frederick v. Reed, 410 So.2d 95 (Ala.Civ.App.1982).
The law regarding agency requires that such a relationship is determined by all of the facts, and not by how the parties characterize their relationship. SEMO Aviation, Inc. v. Southeastern Airways Corp., 360 So.2d 936 (Ala.1978).
Applying these principles to the instant appeal, we find that there was a scintilla of evidence to support the jury’s conclusion that Lieberman was acting as the appellee’s agent in securing the sale of its equipment to the appellant. Therefore, it was reversible error for the trial court to grant the appellee’s motion for judgment notwithstanding the verdict.
There was undisputed testimony that the purchase order form used by Lieberman in the sale of equipment to the appellant was an official form of the appellee’s used for such purposes. Furthermore, there was testimony that that form was supplied to Lieberman by the president of the appellee company.
Moreover, the sales brochure utilized by Lieberman in making the sale bore the name of the appellee. He also represented to the appellant that the appellee would not only deliver the ordered equipment, but would further be able to supply parts for such equipment. Additionally, Lieberman was awarded a five percent commission on sales of supplies to the purchasers of equipment he secured.
*349 There was also evidence that the appellant, in entering into this contract, relied on the apparent agency of Lieberman to negotiate such a sale on behalf of the appellee. Finally, there is no dispute that the contract was for goods that the appellee sells in its usual and ordinary course of business.
Consequently, despite Lieberman’s allegations that he was acting as an independent contractor, there was a scintilla of evidence to create a dispute as to his true status, and, thus, it was an issue properly resolved by the jury. Therefore, we find that the trial court committed reversible error in granting the appellee’s motion for judgment notwithstanding the verdict. This case is due to be reversed and remanded with instructions for the trial court to enter an order consistent with this opinion.
REVERSED AND REMANDED WITH INSTRUCTIONS.
INGRAM, P.J., and ROBERTSON, J., concur.