L. CHARLES WRIGHT, Retired Appellate Judge.
Ida Curry Davis filed this action against James Earl Edwards and Peoples Cab Company, Inc. as a result of an automobile accident that occurred in June .1990.
Davis’s complaint alleged that Edwards negligently or wantonly operated the vehicle he was driving, causing it to collide with Davis’s vehicle, while in the line and scope of his employment with Peoples Cab; that Peoples Cab negligently or wantonly entrusted the vehicle to Edwards; and that Peoples Cab was liable for Edwards’s negligence under the doctrine of respondeat superior.
At the close of Davis’s case Peoples Cab orally requested that the negligent entrustment counts be dismissed because Davis failed to establish that Peoples Cab was the owner of the vehicle or that they knew the driver was unqualified. The trial court granted the motion. The case proceeded on the negligent or wanton counts against Edwards and on the respondeat superior count against Peoples Cab. At the conclusion of the trial Edwards orally requested “to dismiss the case” because Davis failed to prove negligence and failed to establish damages. The trial court denied the motion. The jury returned a verdict against Peoples Cáb and Edwards and in favor of Davis in the amount of $10,000. Peoples Cab and Edwards filed a motion for judgment notwithstanding the verdict, which was denied. They appeal.
Peoples Cab and Edwards assert that the trial court erred in refusing to grant their motion for jnov because the evidence was insufficient for the jury to find that Edwards was an agent, servant or employee of Peoples Cab.
In order for this court to review a judgment on a jury verdict based on insufficiency of the evidence, both a motion for directed verdict at the close of all the evidence and a posttrial motion for jnov must be made. Cardinal Pest Control Co. v. Carr, 513 So.2d 999 (Ala.1987).
“[I]f a complaint has more than one count and the defendant believes that the evidence is not sufficient to support one or more of those counts, he must challenge this by motion for directed verdict, specifying the count which is not supported by evidence and detailing with specificity the grounds upon which the particular count is not supported by the evidence.”
Aspinwall v. Gowens, 405 So.2d 134 (Ala.1981). The specific ground must be renewed by way of a timely-filed motion for jnov. Johnny Spradlin Auto Parts, Inc. v. Cochran, 568 So.2d 738 (Ala.1990).
Peoples Cab and Edwards failed to properly preserve this issue for our review. They failed to question the sufficiency of the evidence pertaining to the respondeat superior theory in their motions to dismiss, which we perceive to be motions for a directed verdict. King Mines Resort, Inc. v. Malachi Mining & Minerals, Inc., 518 So.2d 714 (Ala.1987). The trial court charged the jury on the respondeat superi- or count without objection from Edwards or Peoples Cab. The lack of sufficient evidence to sustain the respondeat superior issue was raised in the motion for jnov, but such objection came too late. The failure of Edwards and Peoples Cab to initially raise the issue in their motion for directed verdict at the conclusion of the case precludes us from addressing this issue on appeal. Sunshine Homes, Inc. v. Newton, 443 So.2d 921 (Ala.1983).
If we were to address the issue, we consider that there was sufficient evidence for the jury to find that Edwards was working as an agent of Peoples Cab when the accident occurred. Humphrey’s Auto Sales v. Duncan Muffler, 567 So.2d 347 (Ala.Civ.App.1990).
*315 Edwards and Peoples Cab next assert that the trial court erred in refusing to grant the motion for jnov because there was insufficient evidence presented for the jury to find that Edwards acted negligently while operating Peoples Cab’s vehicle. This sufficiency issue was properly raised for our review.
A motion for directed verdict and a motion for jnov test the sufficiency of the evidence in the same manner, and neither should be granted if there exists any material conflict in the evidence for the jury’s resolution. Independent Life & Accident Ins. Co. v. Parker, 470 So.2d 1289 (Ala.Civ.App.1985). Therefore, if there is sufficient substantial evidence to warrant a verdict in favor of the party against whom a directed verdict or motion for jnov is sought, such motion must be denied. Joseph v. Staggs, 519 So.2d 952 (Ala.1988). The refusal of the trial court to grant the motions strengthens the presumption that the verdict is correct. First S. Fed. Sav. & Loan Ass’n v. Nicrosi, 333 So.2d 780 (Ala.1976).
The evidence concerning the circumstances of the accident is in dispute. Davis testified that as she approached the intersection where the accident occurred her light was green. She stated that she spotted Edwards coming down the bisecting one-way street at a high rate of speed. As soon as she saw the vehicle she threw on her brakes because she knew that Edwards was going to run the red light. Edwards testified that he had the green light and that it turned yellow while he was crossing the intersection. The reporting officer testified that Davis told him that her light was green and Edwards told him that his light was yellow.
On appeal, when the sufficiency of the evidence is at issue “only those tendencies of evidence most favorable to the verdict are reviewed, and such inferences as the jury or court are free to draw are indulged.” Semo Aviation, Inc. v. Southeastern Airways, 360 So.2d 936 (Ala.1978). Having viewed the conflicting evidence with these principles in mind, we cannot say that there was insufficient evidence to support a verdict for Davis.
Peoples Cab and Edwards finally assert that the trial court erred in refusing to set aside the judgment because the evidence was insufficient to support the jury’s award of damages.
The assessment of damages is a matter within the jury’s discretion. Nemec v. Harris, 536 So.2d 93 (Ala.Civ.App.1988). On appeal, the jury’s award of damages is presumed to be correct. Such presumption is strengthened when a motion for jnov has been denied. Uphaus v. Charter Hospital, 582 So.2d 1140 (Ala.Civ.App.1991).
Davis testified that the value of the vehicle prior to the accident was $6,000 and the value after the accident was approximately $1,000. She stated that the vehicle could not be restored to its condition prior to the accident. She paid $545 to have the vehicle towed and stored. Davis testified that she sustained injuries to her shoulder and back as a result of the accident. Consequently, she visited the emergency room. She underwent physical therapy to relieve the pain. Davis testified that she owned and managed an apartment complex and as a result of the accident she was unable to perform her managerial duties. She stated that she had to pay people to perform her everyday tasks. Davis was incapacitated for approximately two months.
Where liability is established, the assessment of damages by the jury must include an amount at least as high as the uncontradicted special damages, as well as a reasonable amount as compensation for pain and suffering. Nemec. When the extent of the injury is uncertain, the jury has the discretion to determine the amount of damages. Brannon v. Webster, 562 So.2d 1337 (Ala.Civ.App.1990).
We find that the jury’s award of damages was within the parameters of the evidence and the discretion of the jury.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the *316 provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.