L. CHARLES WRIGHT, Retired Appellate Judge.
Gene Johnson filed an action against two Decatur police officers, Mike Landrum and Eric Heath, alleging assault and battery, unlawful arrest, undue force, conspiracy, and deprivation of his rights. Other defendants were named in the complaint. They, however, are not germane to this appeal. Following a jury trial, the jury returned a verdict in favor of the defendants. Johnson appeals. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
An extended exposé' of the facts is not relevant to the disposition of the issues presented on appeal. The following facts should suffice: Johnson got into an argument with some employees of Sears. Landrum and Heath were moonlighting as security guards for the mall in which Sears is located. They were called to assist the Sears employees. Johnson was eventually arrested for third degree trespassing and resisting arrest.
Johnson initially asserts that the trial court erred in denying his Batson challenge.
The principles of Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), are applicable to civil actions. K.S. v. Carr, 618 So.2d 707 (Ala.1993). The person alleging a Batson violation must first establish a prima facie case of discrimination. K.S. v. Carr. Once a prima facie case is established, there is a presumption of discrimination. K.S. v. Carr.. The responding party must then give a “clear, specific, and legitimate reason for the challenge that relates to the particular case to be tried and that is nondiscriminatory.” K.S. v. Carr. Once the responding party has given a race-neutral explanation for the challenge, the moving party can then offer evidence showing that the explanation is merely a sham. K.S. v. Carr.
The decision of the trial court regarding a Batson challenge is given great deference. Allen v. State, 555 So.2d 1185 (Ala.Crim.App.1989). This is because the trial court is in a better position to distinguish between bona fide reasons and sham excuses. *316 Allen. When the trial court has followed the proper procedure, its determination will be overturned only if it appears to be clearly erroneous. K.S. v. Carr.
The defendants struck the only two blacks on the venire. The trial court requested that the defendants give race-neutral reasons for the strikes.
The defendants stated that they struck the first black juror because of her affirmative answer to the question, “Have you ever had an unpleasant experience with the police?” The juror stated that the police had come to her residence and mistakenly arrested her husband. She stated that it was scary and very inconvenient.
The defendants told the judge that they struck the other black juror because Heath and Landrum, as members of the Decatur police force, had been to that juror’s house on several occasions to arrest either her husband or her boyfriend.
After hearing the race-neutral explanations, the trial court denied Johnson’s Batson challenge. The trial court followed the proper procedure. We cannot say that its decision was made in error, given that it was in a better position to determine the credibility of the defendants’ explanations.
Johnson next asserts that the trial court erred in refusing to allow him to cross-examine Landrum about a subsequent lawsuit that had been filed against Landrum for assault and battery and unlawful arrest.
The record reflects that approximately one week prior to the trial of this case, Johnson’s attorney filed an action against Landrum on behalf of Victor Hood, alleging unlawful arrest and assault and battery.
Six days prior to the trial, Johnson submitted his list of witnesses to the defendants. Victor Hood was on that list. The defendants filed a motion to exclude, based on the fact that Johnson’s list was untimely and was in conflict with the pretrial order. The pretrial order explicitly stated that all lists should be submitted at least 14 days prior to trial. The defendants further asserted that the subsequent action was immaterial and irrelevant and that they would be prejudiced because they had no time to depose Hood or to do anything else of that nature.
The trial court granted the defendants’ motion, stating the following:
“My ruling is not based upon the question of whether it’s material or relevant. My ruling is based on the fact that it did not come in time to comply with the pretrial order, and my reason for that is so as to give the other parties an opportunity to make sure that they know what’s coming. So I am excluding any testimony from Mr. Hood or anything surrounding his incident and those photographs of him because of [the] failure to comply with the pretrial order.”
The decision whether to allow the testimony of such a witness is within the sound discretion of the trial court and will not be reversed on appeal absent any abuse. Childs v. Huff, 586 So.2d 939 (Ala.Civ.App.1991). We find no abuse of discretion. Furthermore, in his brief Johnson argues only that the subsequent action was material and relevant to the facts of the case. He, however, failed to address his failure to comply with the pretrial order and the subsequent prejudicial impact it would have on the defendants.
The judgment is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. .CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
ROBERTSON, P.J., and YATES and CRAWLEY, JJ., concur.
MONROE, J., concurs in the result only.