HOLMES, Retired Appellate Judge.
Shone/s, Inc. (restaurant), appeals from a judgment based ón a jury verdict in favor of Albert Lee Pasley. This case is before this court pursuant to § 12-2-7(6), Ala.Code 1975.
Albert Lee Pasley filed a complaint against the restaurant, seeking compensatory and punitive damages for the restaurant’s alleged *1028 negligence and/or wantonness in serving him a glass of sodium hypochlorite bleach. We would note that Pasley named other defendants in his complaint. Those defendants, however, are not germane to this appeal.
The complaint alleged the following: Pas-ley entered the restaurant on October 25, 1994; he ordered a meal and requested a glass of water with his meal. An employee of the restaurant served Pasley a glass of bleach. After drinking a portion of the bleach, Pasley immediately began to experience a burning sensation in his mouth, his throat, and his esophagus. Pasley requested to use the restaurant’s telephone to call the poison control center. The employees, however, refused to let Pasley use the telephone. Pasley stated that as a result of his drinking the bleach, he suffered injuries to his mouth, his throat, his esophagus, and other internal organs; that his preexisting medical conditions became aggravated and exacerbated; and that he suffered anxiety, fear, and mental anguish.
The case proceeded to trial in February 1997. The jury returned a verdict in favor of Pasley and awarded him compensatory damages in the amount of $75,000. The trial court entered a judgment based on that verdict. Thereafter, the restaurant filed a motion for a judgment notwithstanding the verdict (JNOV) or, in the alternative, for a new trial. The trial court, following a hearing, denied that motion.
The restaurant appeals, asserting four grounds for reversal.
I. Batson Challenge
The restaurant initially contends that the trial court committed reversible error in not sustaining its Batson challenges of the following jurors: number 3 (Herbert Alexander), number 24 (John C. Calhoun), and number 169 (Susan White).
In Johnson v. City of Decatur, 686 So.2d 314, 315-16 (Ala.Civ.App.1996), this court stated the following well-settled law regarding a Batson challenge:
“The principles of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), are applicable to civil actions. K.S. v. Carr, 618 So.2d 707 (Ala.1993). The person alleging a-Batson violation must first establish a prima facie case of discrimination. K.S. v. Carr. Once a prima facie case is established, there is a presumption of discrimination. K.S. v. Carr. The responding party must then give a ‘clear, specific, and legitimate reason for the challenge that relates to the particular case to be tried and that is nondiserimina-tory.’ K.S. v. Carr. Once the responding party has given a race-neutral explanation for the challenge, the moving party can then offer evidence showing that the explanation is merely a sham. K.S. v. Carr.
“The decision of the trial court regarding a Batson challenge is given great deference. Allen v. State, 555 So.2d 1185 (Ala.Crim.App.1989). This is because the trial court is in a better position to distinguish between bona fide reasons and sham excuses. Allen. When the trial court has followed the proper procedure, its determination will be overturned only if it appears to be clearly erroneous. K.S. v. Carr.”
. Our review of the record reveals the following: Pasley, the plaintiff, is white. During the jury selection process, Pasley exercised his peremptory challenges to strike eleven whites from the jury panel. The restaurant made a reverse-Batson objection to six of the eleven strikes. At the trial court’s request, Pasley’s attorney gave race-neutral reasons for the strikes. After hearing the stated reasons, the trial court sustained the restaurant’s objections of two of the strikes. We would note that the jury ultimately consisted of six blacks and six whites.
As stated previously, the restaurant contends that the trial court should have sustained its Batson challenges of the following jurors: number 3 (Herbert Alexander), number 24 (John C. Calhoun), and number 169 (Susan White).
Pasley’s attorney gave the following explanations for the strikes: He struck juror number 3 (Alexander) because an attorney who planned to assist in representing Pasley had sued Alexander’s brother. He struck juror number 24 (Calhoun) because a friend, who is an attorney, stated that Calhoun was very conservative. The court also *1029 interjected that earlier in the week, Calhoun had served as the foreperson of a jury that returned a verdict in favor of the defendant. He struck juror, number 169 (White) because White’s husband was a eonstruction/assistant manager, and Pasley’s complaint named one of the restaurant’s managers as a defendant.
Clearly, the above-stated reasons appear to be valid, race-neutral reasons. The restaurant, having the ultimate burden of persuasion, failed to offer any convincing evidence that the reasons were not bona-fide, race-neutral reasons. Thus, we defer to the trial court’s ruling, given the fact that the trial court was in a better position to judge the credibility of the race-neutral explanations.
II. Punitive Damages
The restaurant next contends that the trial court committed reversible error in charging the jury on punitive damages because,, it says, there was a lack of evidence regarding wanton or willful misconduct. In McDougle v. Shaddrix, 534 So.2d 228, 231 (Ala.1988), our supreme court stated the following:
‘Wantonness should be submitted to the jury unless there is a total lack of evidence from which the jury could reasonably infer wantonness. Wantonness’ is defined by the Court as the conscious doing of some act or the omission of some duty while knowing of the existing conditions and being conscious that, from doing or omitting to do an act, injury will likely or probably result.”
(Citations omitted.)
After carefully reviewing the testimony in this case, we conclude that there was evidence from which the jury could have concluded that the restaurant’s conduct was wanton. The evidence reveals that an employee, while in the food service area, poured bleach into a container and placed the container on the counter next to the coffee machine and the tea machine. Thereafter, another employee actually served Pasley a glass of the bleach from the container. The restaurant apparently authorized the use of the bleach to sanitize dishes when, in fact, the label stated not to transfer “this product” to food or beverage containers.
The area director for the restaurant testified.that he disapproved of the way the employees cleaned on the night of Pasley’s accident. The director testified that the proper location for cleaning the coffee and the tea containers was in the back kitchen in a three-compartment sink, not in the food service area. The director also stated that it was not proper to “soak” the containers with bleach. Clearly, the jury could have inferred that the above-stated actions constituted more than simple negligence. In any event, we find it interesting to note that the jury, in the instant case, did not award any punitive damages. In fact, the verdict form showed that the jury awarded “Compensatory Damages [in the amount of] $75,000” and “Punitive Damages [in the amount of] -0-.” Based on this fact alone, we find no reversible error.
III. Excessive Verdict
The restaurant next contends that the trial court should have granted its motion for a new trial because, it says, the verdict was excessive. In the instant case, Pasley claimed damages for loss of earnings, medical expenses, aggravation of a preexisting medical condition, physical pain and suffering, and mental anguish. The jury awarded him $75,000 in compensatory damages.
The trial court, in instructing the jury on compensatory damages, stated the following regarding physical pain and mental anguish:
“ [T]he law [does not] fix any monetary standard to compensate for physical pain and mental anguish. This element of damage is left to your good sound judgment and discretion as to what amount would reasonably and fairly compensate the plaintiff for such physical pain and mental anguish as you find from the evidence that the plaintiff did suffer on account of this particular wrong. If you find that this plaintiff, on account of this wrong committed by defendant, suffered physical pain and/or mental anguish, you should award the plaintiff such sum as will reasonably and fairly compensate him for such pain, suffering, and mental anguish as you are reasonably satisfied from the evidence that he sustained.”
*1030 The law is clear that “there [is no] yardstick to measure the amount of recompense which should be awarded for pain or mental suffering.” Birmingham Electric Co. v. Thompson, 251 Ala. 465, 466, 37 So.2d 633, 634 (1948). Suffice it to say, the record is replete with evidence regarding Pasley’s economic losses and his pain and suffering. Thus, we conclude that the jury’s assessment of damages was consistent with the evidence that Pasley presented. Furthermore, the record is absolutely devoid of any evidence indicating that the verdict was the result of juror bias, corruption, passion, prejudice, or improper motive.
IV. Impeachment of Pasley
The restaurant finally contends that the trial court committed reversible error in not allowing it to impeach Pasley on a collateral issue. On cross-examination, the restaurant’s attorney asked Pasley the following questions:
“ Q. Okay, Mr. Pasley, I have your answers that you have given to us today. Have they been truthful?
[[Image here]]
“Q. Were you truthful to us when you told us that you had only been arrested one time about twenty-five years ago for DUI?
[[Image here]]
“Q. Is that a truthful statement?
“A. Yes, sir. As far as I can remember, it is.
“Q. Well, do you recall getting arrested ... for harassment?
“A. I have never been arrested — put in jail? Is that what you are talking about?
“Q. What are you talking about?
“A. That’s what I was referring to.
“A. But are you saying you were charged with harassment but never put in jail.
“A. No, sir.”
Pasley’s attorney made an objection. After hearing arguments from both parties, the trial court sustained Pasley’s objection, holding that the testimony involved a collateral issue. The restaurant contends, however, that impeachment testimony is always material.
In State v. Howington, 268 Ala. 574, 575, 109 So.2d 676, 677 (1959), our supreme court stated the following:
“ [T]he latitude and extent of cross-examination is a matter which of necessity rests largely within the sound discretion of the trial court, and rulings with respect thereto will not be revised on appeal except in extreme cases of abuse.”
Furthermore, in Noble v. State, 253 Ala. 519, 521-22, 45 So.2d 857, 859 (1950) (emphasis in original), our supreme court stated the following:
“To affect the general credit of the witness the contradictory statements must relate to matter which is material to the issue on trial and not to those incidental or collateral facts which are remote in their application to the offense on trial and which would improperly extend the issues ■ or involve the trial of other offenses which have no legitimate bearing on the particular offense under investigation.”
Clearly, whether Pasley had been arrested was not a material issue. In other words, the outcome of this case did not hinge on whether Pasley had been arrested for harassment or harassing communications. In any event, we would note that the jury heard the bulk of the testimony regarding Pasley’s arrest, due to Pasley’s late objection. Thus, any error, if there was error, would appear to be harmless. See Rule 45, Ala. R.App. P.
Last, we note that jury verdicts are presumed correct, and that presumption is strengthened by the trial court’s denial of a post-judgment motion for a new trial. Brown v. Lawrence, 632 So.2d 462 (Ala.1994).
Based on the foregoing, we conclude that the judgment based on the jury verdict is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
*1031 ROBERTSON, P J., and YATES, MONROE, and CRAWLEY, JJ., concur.
THOMPSON, J., concurs in the result.