HOLMES, Retired Appellate Judge.
Wal-Mart Stores, Inc., and Lonnie Thig-pen appeal from a judgment based on a jury verdict in favor of Eric Dobson.
Our review of the record reveals the following: On April 8, 1992, Eric Dobson, a two-year-old child, and his mother were standing on the sidewalk outside Wal-Mart next to a kiddie ride when Lonnie Thigpen, an employee of Wal-Mart, pushed a pallet jack into Eric, causing Eric to fall and to hit his head on the jack.
Thereafter, Eric, by and through his mother, Diana Dobson, sued Wal-Mart and the employee (hereinafter collectively referred to as Wal-Mart), alleging that Wal-Mart was negligent and/or wanton in causing Eric’s injuries.
The case proceeded to trial in March 1997. After hearing the evidence, the jury returned a verdict in favor of Eric and awarded him compensatory damages in the amount of $20,000. The trial court entered a judgment based on that verdict. Thereafter, Wal-Mart filed a post-judgment motion for a new trial or, in the alternative, a motion for remittitur and/or a motion to alter or to amend the judgment. The trial court denied that motion.
Wal-Mart appeals, raising two issues.
Wal-Mart initially contends that the jury’s verdict was excessive and that it was based on sheer speculation. We note the following well-settled law regarding jury verdicts:
“A jury’s verdict is presumed correct and will not be disturbed unless it is plainly erroneous or manifestly unjust. In addition, a judgment based upon a jury verdict and sustained by the denial of a postjudgment motion for a new trial will not be reversed unless it is plainly and palpably wrong. Because the jury returned a verdict for [Eric], any disputed questions of fact must be resolved in [his] favor, and we must presume that the jury drew from the facts any reasonable inferences necessary to support its verdict. In short, in reviewing a judgment based upon a jury verdict, [the appellate court] must review the record in a light most favorable to [Eric,] the appellee.”
Crown Life Ins. Co. v. Smith, 657 So.2d 821, 822 (Ala.1994) (citations omitted).
The evidence concerning the circumstances of the accident is in dispute. The record, however, when viewed in a light most favorable to Eric, suggests the following: As noted previously, an employee of Wal-Mart was pushing a pallet jack that struck Eric in the back of the legs, causing Eric to fall and to hit his head on the jack. Eric’s mother testified that the accident occurred because the employee was not paying attention. A witness who actually saw the accident testified at trial and basically described the events concerning the accident as the mother had described them.
Immediately after the accident, Eric’s head began to swell and a knot developed. Eric’s mother immediately transported him to an emergency room to be examined. The mother testified that she made several trips to the doctor within a six-month period because, she said, Eric was still experiencing pain, he was irritable, he cried a lot, he could not sleep, he continued to have a knot on his head, and he developed a bald spot on his head. During this six-month period, Eric also developed the measles, as well as an ear infection. The mother, however, testified that Eric continued to have problems associated with his head injury, even after the measles and the ear infection had cleared. We would further note that during the trial, the jury had a chance to observe a scar and a bald spot on Eric’s head.
The trial court, in instructing the jury on compensatory damages, stated the following regarding physical pain and mental anguish:
“The plaintiff claims compensation for the following items or elements of damages: Physical pain and suffering, mental anguish, and personal injuries. The law *1254 has no fixed monetary standard to compensate for physical pain and mental anguish. This element of damages is left to your good, sound judgment and discretion as to what amount would reasonably and fairly compensate the plaintiff for such physical pain and mental anguish you find from the evidence the plaintiff did suffer.”
The law is clear that “there [is no] yardstick to measure the amount of recompense which should be awarded for pain or mental suffering.” Birmingham Electric Co. v. Thompson, 251 Ala. 465, 466, 37 So.2d 633, 634 (1948). Furthermore, “[w]hen the extent of the injury is uncertain, the jury has the discretion to determine the amount of damages.” Edwards v. Davis, 600 So.2d 313, 315 (Ala.Civ.App.1992). Suffice it to say, the record is replete with evidence regarding Eric’s pain and suffering. As such, we conclude that the jury’s assessment of damages in this case was well within the parameters of the evidence presented, as well as within the jury’s discretion. Edwards.
Wal-mart finally contends that the trial court committed reversible error in not sustaining its Batson challenges of juror number 6 and juror number 37.
In Johnson v. City of Decatur, 686 So.2d 314, 315-16 (Ala.Civ.App.1996), this court stated the following well-settled law regarding a Batson challenge:
“The principles of Batson v. Kentucky, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), are applicable to civil actions. K.S. v. Carr, 618 So.2d 707 (Ala.1993). The person alleging a Batson violation must first establish a prima facie case of discrimination. K.S. v. Carr. Once a prima facie case is established, there is a presumption of discrimination. K.S. v. Carr. The responding party must then give a ‘clear, specific, and legitimate reason for the challenge that relates to the particular case to be tried and that is nondiscriminatory.’ K.S. v. Carr[, 618 So.2d at 710]. Once the responding party has given a race-neutral explanation for the challenge, the moving party can then offer evidence showing that the explanation is merely a sham. K.S. v. Carr.
“The decision of the trial court regarding a Batson challenge is given great deference. Allen v. State, 555 So.2d 1185 (Ala.Crim.App.1989). This is because the trial court is in a better position to distinguish between bona fide reasons and sham excuses. Allen. When the trial court has followed the proper procedure, its determination will be overturned only if it appears to be clearly erroneous. KS. v. Carr."
In the instant case, each side was allowed 18 peremptory challenges. Wal-Mart exercised all of its challenges to strike black members from the jury panel. Erie, the plaintiff, is black. Erie’s attorney exercised 16 of his peremptory challenges to strike white members from the jury panel. Wal-Mart challenged several of the strikes, including juror number 6 and juror number 37.
The trial court noted that Wal-Mart had established a prima facie case of discrimination for the two strikes and requested that Eric’s attorney give race-neutral reasons for the strikes. Eric’s attorney stated that he struck juror number six because she knew Sonny Pratt, Wal-Mart’s corporate representative. Erie’s attorney stated that he struck juror number 37 because she was self-employed and more inclined to serve as a Wal-Mart juror. Eric’s attorney stated that he also struck juror number 37 because she knew Wal-Mart’s corporate representative. In fact, Eric’s attorney stated that he struck all jurors who knew Wal-Mart’s corporate representative. After hearing the stated reasons, the trial court noted that the reasons were valid race-neutral reasons.
Clearly, the above-stated reasons appear to be valid, race-neutral reasons. Wal-Mart, having the ultimate burden of persuasion, failed to offer any convincing evidence to the trial court that the reasons were not bona-fide, race-neutral reasons. Thus, we defer to the trial court’s rulings, given the fact that the trial court was in a better position to judge the credibility of the race-neutral explanations. We also find it interesting to note that after the trial judge called the 12 jurors to the jury box, he asked both parties if they were satisfied, to which Wal-Mart’s attorney responded, “Yes, sir.”
*1255 Based on the foregoing, the judgment based on the jury verdict is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge Richard L. Holmes while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
AFFIRMED.
All the judges concur.