[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13013
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cv-01095-MHH


DOUG'S COIN & JEWELRY, INC.,
SOUTHERN COIN & COLLECTIBLES, INC.,

Plaintiffs-Appellants,

versus

AMERICAS VALUE CHANNEL, INC.,
d.b.a. AVC,

Defendant-Appellee,

JOHN G. BINNS, JR.,

Defendant - Cross Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(November 20, 2015)

Before WILSON, WILLIAM PRYOR and ROSENBAUM, Circuit Judges.

PER CURIAM:

Doug's Coin & Jewelry, Inc., and Southern Coin & Collectibles, Inc. (collectively "the coin companies") appeal the summary judgment in favor of Americas Value Channel, Inc. John G. Binns Jr. marketed valuable coins on Americas Value Channel in February 2009, but he failed to pay the coin companies for the coins. The coin companies then sued him and Americas Value Channel. The coin companies obtained a default judgment against Binns for breach of contract and conversion and sought to hold Americas Value Channel derivatively liable on the ground that Binns acted with apparent authority as its agent. The district court ruled that Binns was not an agent of Americas Value Channel. We affirm.

The coin companies argue that the district court failed to consider whether Binns had implied authority to act on behalf of Americas Value Channel, but we will not consider an argument not presented to the district court. We have "repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331 (11th Cir. 2004) (internal quotation marks and citation omitted). The coin companies contend that their "Brief in Opposition to [the] Motion for Summary Judgment preserves the arguments . . . regarding

2

implied agency," but their brief cited decisions about apparent authority and argued that "there is a question of fact whether Binns had apparent authority to bind AVC to the contract at issue in this matter." Their brief did not mention implied authority, which "differs from apparent authority in that it is authority which the principal intended that the agent should have." *McLemore v. Hyundai Motor Mfg. Ala., LLC*, 7 So. 3d 318, 328 (Ala. 2008) (quoting *Patterson v. Page Aircraft Maint., Inc.*, 283 So. 2d 433, 436 (Ala. Civ. App. 1973)). And the coin companies failed to object to the description of their argument as "assert[ing] . . . [that] AVC clothed Binns with apparent authority" in a magistrate judge's report and recommendation that the district court adopted. We will not fault the district court for failing to consider an argument not presented to it.

The district court did not err when it ruled that Binns did not act with the apparent authority of Americas Value Channel. Under Alabama law, which the parties agree applies, "before there can be apparent authority that implies an agency relationship, the 'authority' must be apparent to the complaining party and that party must have relied on the appearance of authority." *Brown v. St. Vincent's Hosp.*, 899 So. 2d 227, 238 (Ala. 2004) (quoting *Watson v. Auto-Owners Ins. Co.*, 599 So. 2d 1133, 1136 (Ala. 1992)). The coin companies shared a business relationship with Binns that predated his appearance on Americas Value Channel. He contacted the coin companies; his business card contained his and his brother's

contact information; he stated that he would sell the coins on television programs; and he paid the coin companies with a personal check. Binns operated in the same manner during several transactions with the coin companies in the fall of 2008 and during a transaction in December 2009 in which Doug's Coin delivered coins to the office of Americans Value Channel. In February 2009, Binns also acted consistent with his past business practices when he arranged for Doug's Coin to deliver the products of both coin companies to Americas Value Channel.

The owner of Doug's Coin was not "misled by . . . appearances" or given "reasonable cause to believe," *see id.* at 241 (quoting *Union Oil of Cal. v. Crane*, 258 So. 2d 882, 887 (Ala. 1972)), by Americas Value Channel that Binns was its agent. The owner's testimony and affidavit established that he relinquished the coins to Binns at the television studio and that he watched a broadcast and observed transactions in the call center without speaking to an employee of Americas Value Channel. The owners of both coin companies averred that they thought Americas Value Channel "would be standing behind" the transactions in February 2009 because it aired Binns's programs; displayed its logo, its toll-free number, and information when displaying Binns's merchandise; and processed orders and payments for Binns. But their "mere belief without cause . . . [was] not enough," to establish an agency by apparent authority. *Id.* (quoting *Union Oil*, 258 So. 2d at 887).

4

We **AFFIRM** the summary judgment in favor of Americas Value Channel.